# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DEBORAH L. STEPHENS,       )
                           )
          Plaintiff,       )
                           )
v.                         )     Case No. CIV-12-280-JHP-SPS
                           )
CAROLYN W. COLVIN,         )
Acting Commissioner of the Social )
Security Administration,[1] )
                           )
          Defendant.       )

## REPORT AND RECOMMENDATION

The claimant Deborah L. Stephens requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is deemed disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on May 4, 1953, and was fifty-seven years old at the time of the administrative hearing (Tr. 28). She obtained a GED and has past relevant work as a cook (Tr. 19, 28). The claimant alleges inability to work since September 1, 2008, because of back pain, problems with her right leg, depression, anxiety, and high blood pressure (Tr. 29, 141).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, in September of 2009 (Tr. 11). Her applications were denied. ALJ Trace Baldwin conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated January 25, 2011. (Tr. 11-20). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981; 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1529(b); 416.929(b) (Tr. 23). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform, *i. e.*, short order cook. (Tr. 19-20).

**Review**

The claimant's sole contention of error is that the ALJ failed to properly analyze whether she had skills acquired from past relevant work that were transferrable to jobs identified by the vocational expert as other work she could perform at step five of the sequential evaluation. The claimant offers a fairly complex argument focusing upon the ALJ's alleged failure to include mental limitations in her RFC corresponding to her non-severe mental impairments and the resulting failure to determine if she had the mental skills needed to perform the other work identified by the vocational expert. Be all that as it may, the undersigned Magistrate Judge finds that the ALJ *did* err in analyzing the claimant's transferrable skills, *i. e.*, the ALJ failed to properly document the job skills she acquired in her past relevant work as a cook. The decision of the Commissioner should therefore be reversed and the case remanded for further analysis by the ALJ.

The record reveals that the ALJ solicited testimony from a vocational expert at the administrative hearing regarding the claimant's past work as a cook. The vocational expert characterized the cook job as skilled work with a specific vocational preparation

level of seven, and it was usually performed at the medium exertional level (the level at which the claimant performed). Because the ALJ determined that the claimant's RFC was for light work, she could no longer perform her past work as a cook. The vocational expert nevertheless opined that the claimant would have transferable skills from her job as a cook to the light, semi-skilled job of short order cook (Tr. 48). He testified that the claimant's work experience in her job as a cook resulted in transferable skills consisting of: (i) the ability to prepare, season, and cook various kinds of meals, soups, meats, vegetables, or other foodstuffs; (ii) the ability to read a menu, estimate requirements of, and orders of food from suppliers; (iii) the ability to adjust cooking temperatures in order to cook correctly either in ovens, broilers, grills, roasters, or steam kettles; and, (iv) the ability to measure and mix ingredients (Tr. 47).

The ALJ did not, however, ask the claimant any questions about the duties related to her past work or any skills that she acquired through her past work. The only evidence in the record of the claimant's past job as a cook is the information she provided on the disability and work history reports. On the disability report, the claimant wrote that she lifted "big pots of food weighing probably 45 to 50 [pounds] about once a day" (Tr. 143). The claimant wrote in her work history report that she cooked, prepared food, cleaned, mopped, swept, and took out the trash (Tr. 150).

"[A] claimant's acquired skills are transferable to other jobs 'when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.'"

*Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001), *quoting* 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). The Commissioner bears the burden of proving that the claimant has transferrable skills, *see, e. g., Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999) ("It is not the claimant's burden to produce or develop vocational evidence at step five.") [citation omitted], although "[t]he claimant is in the best position to describe just what he or she did in [past relevant work], how it was done, what exertion was involved, what skilled or semiskilled work activities were involved, etc." Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4. Further, "[w]hen a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision." *Id*. at *7; *see also Dikeman,* 245 F.3d at 1185.

Taken as a whole, the information provided by the claimant in her disability report and work history was at best a "skeleton description" of her past work, *see, e. g., Ogle v. Barnhart*, 123 Fed. Appx. 361, 363 (10th Cir. 2005) (finding description by claimant of computer operations job as "[t]ook orders from customers by computer or by hand" was skeletal description) [unpublished opinion], and as such it was insufficient "to document [her] acquisition of skills." *Dikeman*, 245 F.3d at 1185, *citing* Soc. Sec. Rul. 82-41, 1982 WL 31389, at *4 ("Neither an occupational title by itself nor a skeleton description is sufficient.").

The record in this case reflects no evidence of the duties actually performed by the claimant in her past relevant work as a cook. There is accordingly no evidence that she

has any transferrable skills from that work. *See Dikeman*, 245 F.3d at 1187 ("[B]ecause there is no evidence of the duties plaintiff actually performed as a [cook], there is no evidence of the skills she actually acquired in that position."), *citing Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) ("The Secretary must show that specific skills actually acquired in [past relevant work] are transferable to [other jobs]."). *See also Ogle*, 123 Fed. Appx. at 363 ("[B]ecause the record does not contain a description of the work she performed, it is unclear whether Ms. Ogle's past work . . . qualifies as a skill."). Because the ALJ's step-five determination that the claimant *does* have transferable skills is not supported by substantial evidence, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma